AO 72A
(Rev 8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MATTIE JONES,

    Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

CIVIL ACTION NO.: CV203-186

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff has filed an application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. She seeks fees for 22.7 hours of time at a rate of $153.26 per hour for a total of $3,479.01 in fees. Defendant contends that the hourly rate is in excess of the statutory rate of $125.00 per hour and that Plaintiff's counsel has not adequately shown entitlement to compensation for legal services at the rate of $153.26 per hour. Defendant also questions the appropriateness of awarding hourly fees in that amount to two attorneys who did not seek admission *pro hac vice*.

Plaintiff filed an application for a period of disability and disability insurance benefits. That application was denied by the decision of an Administrative Law Judge, which became the final decision of the Secretary. Plaintiff then filed a civil action in this court, and on January 18, 2005, the Court granted Plaintiff's Motion to Remand this case. The time claimed by Plaintiff's counsel is reasonable.

In support of her application for attorney fees pursuant to the EAJA, Plaintiff has offered a fully itemized statement of services rendered to her. There are predicate

findings to an award of EAJA attorney's fees and expenses: (1) the plaintiff must be a prevailing party; (2) the government's position must not have been substantially justified; and (3) there must be no circumstances that make an award against the government unjust. Jean v. Nelson, 863 F.2d 759, 765 (11th Cir. 1988). Additionally, an application for such fees must be timely filed. Defendant does not contest the timeliness of the application or the fact that Plaintiff is a prevailing party. After review and consideration, EAJA attorney's fees and expenses for the proceedings in this court should be awarded.

The EAJA provides that "the amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of services furnished. . . ." 28 U.S.C. § 2412(d)(2)(A). Plaintiff's response to the Defendant's reply to the Application recites that this Court has previously awarded fees with a cost of living increase and has specifically found that an enhanced hourly rate is reasonable for federal court social security litigation. Plaintiff has met her burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. See, e.g., Norman v. Housing Authority, 836 F.2d 1292, 1299 (11th Cir. 1988); N.A.A.C.P. v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987). The fee inquiry does not end with the prevailing market rate, for the EAJA provides further that "attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412 (d)(2)(A)(ii).

The cost of living has increased since the EAJA was last amended, and this increase justifies an increase in the $125.00 per hour statutory cap set by the EAJA. Using the Consumer Price Index as a guide, $150.00 per hour is a reasonable hourly fee for an attorney representing a plaintiff in a Social Security case in Waycross, Georgia. Therefore, plaintiff's attorney should be paid an hourly fee of $150.00.

2

It is my recommendation that Plaintiff's counsel be awarded $150.00 per hour for 22.7 hours of legal services for a total fee award of $3,405.00. Additionally, expenses in the amount of $150.00 should also be awarded, for a total award of $3,555.00.

**SO REPORTED AND RECOMMENDED** this 27th day of April, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev 8/82)

UNITED STATES DISTRICT COURT
Southern District of Georgia

Case Number:    2:03-cv-00186
Date Served:    April 27, 2005
Served By:      Sherry L. Taylor

Attorneys Served:

   Catherine di Lorenzo, Esq.
   Kenneth C. Etheridge, Esq.
   Edmund A. Booth Jr., Esq.

____ Copy placed in Minutes

____ Copy given to Judge

✓ Copy given to Magistrate